UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                                                   Criminal No. 07-161(2) (JNE/FLN)
v.                                                         Civil No. 10-4548 (JNE)
                                                          ORDER

Gerardo Ramos,

        Defendant.

     Gerardo Ramos pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.  On October 16, 2008, he appeared before the Court for sentencing.  After offering to allow Ramos to withdraw his plea and go to trial, the Court continued the sentencing hearing.  Two weeks later, Ramos chose not to withdraw his plea, and the Court sentenced him to 120 months' imprisonment.  Ramos appealed, and the Eighth Circuit affirmed.  *United States v. Ramos*, 358 F. App'x 754 (8th Cir. 2009) (per curiam).  The case is before the Court on Ramos's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Supp. III 2009).  Because the record conclusively shows that Ramos is not entitled to relief, the Court denies Ramos's motion without an evidentiary hearing.  *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

     Ramos claims that he received ineffective assistance of counsel.  *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103-05 (8th Cir. 2011).  Based on statements made by Ramos at his change of plea hearing, statements made by Ramos at sentencing, and affidavits submitted by Ramos's attorney, the Court concludes that Ramos has not demonstrated that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.  The Court rejects his claim of ineffective assistance of counsel.

Ramos next claims that the drug quantity used to calculate his guidelines was erroneous. This claim has no merit. Ramos argued on appeal that he should not have been held responsible for more than 50 grams of methamphetamine. *Ramos*, 358 F. App'x at 755. The Eighth Circuit rejected his argument. *Id.* Ramos cannot relitigate this issue in his § 2255 motion. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

Ramos also claims that he should have been characterized as a minimal or minor participant in the offense. In the plea agreement, Ramos agreed that the adjustments in Chapter 3 of the guidelines did not apply, he did not object to the characterization of him as an "average" participant in the presentence investigation report, and a letter from his attorney indicates he instructed his attorney not to argue he was a minor participant. The Court rejects this claim. *See United States v. Johnson*, 408 F.3d 535, 539 (8th Cir. 2005).

Finally, Ramos claims that the Court should have reduced his sentence because he is subject to deportation. At sentencing, the Court acknowledged Ramos's likely deportation upon completion of his sentence. His immigration status does not entitle him to a reduced sentence. *See United States v. Loaiza-Sanchez*, 622 F.3d 939, 941-42 (8th Cir. 2010); *United States v. Molina*, 563 F.3d 676, 678-79 & n.3 (8th Cir. 2009). The Court rejects this claim.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529

3

U.S. 473, 484 (2000). Here, Ramos has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Ramos's § 2255 motion [Docket No. 360 in Criminal No. 07-161(2)] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 18, 2011

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge